UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUDBURY PUBLIC SCHOOLS, ) )               Plaintiff, ) ) v. ) ) MASSACHUSETTS DEPARTMENT OF ) ELEMENTARY AND SECONDARY ) EDUCATION, BUREAU OF SPECIAL ) EDUCATION APPEALS, and STUDENT, ) by and through his mother, SUSAN DOE, ) )               Defendants. ) | Civil Action No. 10-cv- COMPLAINT |

## INTRODUCTION

1. This is an appeal from a decision and order rendered by the Massachusetts Department of Elementary and Secondary Education, Bureau of Special Education Appeals (hereinafter the "BSEA"). By this action, Plaintiff, the Sudbury Public Schools (hereinafter "Sudbury"), seeks reversal of the portion of the Hearing Officer's Decision and Order dated April 9, 2010 which ordered Sudbury to reimburse Ms. Doe for all of her out-of-pocket expenses (including tuition and transportation) that she has incurred and paid, as of the date of the decision, for her unilateral placement of Student at the Carroll School for the 6th grade. A true and correct copy of the decision is attached hereto as Exhibit 1.

## JURISDICTION

2. This action is brought pursuant to the provisions of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. 1400 et seq., M.G.L. c. 71B, and M.G.L. c. 30A seeking declaratory relief, and an order finding that the BSEA hearing and decision was contrary to law, and violated the due process rights of Sudbury.

## PARTIES

3. Plaintiff, Sudbury, is a governmental entity responsible for operating and managing the K-8 public school system for all students residing in the Town of Sudbury. Among other duties, Sudbury has specific responsibilities for providing a free appropriate public education in the least restrictive environment for all students with disabilities ("eligible students") who are residents of the Town of Sudbury, and is referred to as a local educational agency ("LEA") in the IDEA.

4. Defendant the Massachusetts Department of Elementary and Secondary Education ("DESE") is responsible for overseeing and monitoring the provision of special education to students with disabilities in Massachusetts pursuant to the requirements of 20 U.S.C. § 1400, et.seq. and M.G.L. c. 71B.

5. Defendant BSEA is the administrative body in Massachusetts charged with resolving disputes, conducting due process hearings, and issuing decisions and rulings regarding disputes between parents and school districts having to do with the provision of special education services to a particular eligible student.

6. Defendant Student, by and through his mother, Susan Doe, moved to Sudbury in the summer of 2006 with his family. He is a minor whose mother, during all relevant time periods, had educational decision-making authority for her son.

## FACTS

7. Student has never attended public school in any community in the state of Massachusetts, including Sudbury. When he and his family moved to Sudbury in the summer of 2006, Susan Doe immediately enrolled Student at the Carroll School (hereinafter "Carroll"), a private special education day school located in Lincoln, Massachusetts; prior to moving to Sudbury, Ms. Doe had already applied to Carroll for her son's admission, and he was accepted during the summer of 2006. He was never enrolled or registered in the Sudbury Public Schools, and Susan Doe privately funded his placement at Carroll.

8. In November 2006, Susan Doe contacted Sudbury for the first time for the purpose of seeking public funding for her son's unilateral placement at Carroll. Sudbury's response to this first contact was to request consent to complete an initial special education evaluation.

9. Upon completion of the evaluation in March of 2007, Sudbury convened a special education Team to review the evaluation findings, and make a determination of special education eligibility. The Student was found eligible, and the Team proposed an IEP which was provided to Susan Doe on or about March 15, 2007 which called for the Student's placement in a language-based program within Sudbury.

10. Susan Doe, who was represented by an experienced advocate at the Team meeting on March 15, 2007, refused to visit the proposed placement, and, in fact, never responded to the proposed IEP.

11. Between March 2007 and April 2009, Susan Doe gave no indication to Sudbury that she would be seeking reimbursement for her expenses related to her unilateral placement at Carroll. The Hearing Officer acknowledged that this failure to provide notice caused prejudice to Sudbury, and likely caused Sudbury not to propose an IEP for Student for the 2008-2009 school year, Student's 5th grade year. For this reason, the Hearing Officer denied Susan Doe's request for retroactive reimbursement for Carroll for the 2008-2009 school year.

12. On or about May of 2009, Susan Doe provided Sudbury with a privately-obtained neuropsychological evaluation that had been completed by Dr. Ann Helmus and Dr. Jennifer Green. At this time, Sudbury obtained parental consent to complete a second special education evaluation. The Team convened on or about June 18, 2009, and again found Student eligible for special education services. Susan Doe rejected the IEP that was proposed, again seeking an agreement to fund Student's placement at Carroll. At no time has Susan Doe specifically accepted the finding by Sudbury that the Student was eligible for special education.

13. Between June of 2009 and the BSEA hearing in February 2010, Susan Doe hired several "experts" to observe Sudbury's proposed program. However, most observation reports were never submitted to Sudbury for the Team's consideration.

For example, Sudbury never received reports from the observations of Ms. Gerri Shubow in June of 2009, or Dr. Ann Helmus in June of 2009.

14. On July 24, 2009, Susan Doe filed a hearing request at the BSEA seeking reimbursement for Student's placement at Carroll for the 2008-2009 and 2009-2010 school years, Student's 5th and 6th grade years. While the hearing request did not include a request for prospective funding for Carroll, the Hearing Officer permitted the scope of the hearing to include a claim for reimbursement for the 2009-2010 school year over Sudbury's objection. The Hearing Officer, agreeing with Sudbury's legal analysis, agreed that because Susan Doe had not requested a prospective IEP for placement at Carroll, a claim for prospective funding would not be permitted.

15. The hearing in this matter was held before the BSEA on February 10 and 12, 2010, and March 9, 2010. The record closed on March 26, 2010 with submission of written closing arguments, and the Hearing Officer issued his decision on April 9. 2010. Susan Doe did not file a written closing argument, but rather a letter, which was not served on Sudbury's counsel; Sudbury received a copy when the Hearing Officer forwarded the letter to counsel.

16. The Hearing Officer's order specified that Ms. Doe was not entitled to tuition reimbursement for the 2008-2009 school year, but that Ms. Doe was entitled to all out-of-pocket expenses (including tuition and transportation) that she had incurred and paid for her unilateral placement at Carroll for the 2009-2010 school year, Student's 6th grade year.

## STATEMENT OF CLAIMS

17. Plaintiff repeats the allegations set forth in paragraphs 1-16 and incorporates them herein.

18. The Order and Decision of the Hearing Officer is in violation of state and federal law in that, with the facts presented in this case, Sudbury did not deny Student FAPE for either the 2008-2009 or 2009-2010 school years.

19. By finding otherwise, the BSEA's decision is not consistent with law, and has violated Sudbury's due process rights.

20. The Hearing Officer incorrectly awarded reimbursement for the 2009-2010 school year based upon the fact that the parent never requested that Sudbury propose an IEP for Student with placement at Carroll for the 2009-2010 school year.

21. The Hearing Officer incorrectly held Sudbury responsible for proposing a second IEP for Student after Ms. Doe had refused the initial IEP. After failing to respond to the initial finding of eligibility and first proposed IEP in March of 2007, Ms. Doe made no further contact with Sudbury until May of 2009 at which time she presented Sudbury with an independent neuropsychological evaluation. At this time, Sudbury promptly convened a Team meeting and proposed a second IEP for Student.  Sudbury did not propose an IEP for Student for the 2008-2009 school year because, under both federal and Massachusetts special education law, a school district is precluded from challenging a parent's refusal of initial eligibility and/or initial offer of services. Where a school district is precluded from challenging this refusal of services, it is inconsistent to, at the same time, hold that the district denied the Student a FAPE.

22. While acknowledging in his decision that retroactive reimbursement is an equitable remedy, the Hearing Officer erred in balancing those equities in awarding reimbursement for the 2009-2010 school year. The undisputed facts in the case support the conclusion that Ms. Doe never had any intention of enrolling her son in the Sudbury Public Schools. By her own admission, she moved to Sudbury to be close to the Carroll School. She never observed the proposed program that Sudbury offered nor did she even respond to the first proposed IEP. After her initial contact with Sudbury, over two months after she and her son moved into the tow, she then had no further contact until May of 2009, more than two years after the initial contact. When contacted, Sudbury responded promptly and proposed IEPs in its language based program designed to meet the needs of students with similar learning profiles. The balance of equities under the facts presented in this case clearly favor Sudbury.

23. The Hearing Officer was incorrect in his finding that the two IEPs offered by Sudbury failed to provide Student with a FAPE. Sudbury offered credible testimony at the hearing (acknowledged by the Hearing Officer in his decision) that the program proposed was equipped to provide Student with an appropriate education. The Hearing Officer, however, credited the parent's experts as having a clearer picture of the Student's profile. The legal error was that most of these experts did not provide any information to Sudbury for the Team to consider in drafting IEPs for Student. Instead, they simply presented testimony at the hearing. It is legally incorrect to hold a Team responsible for information that it did not have available to it at the time of meeting.

24. The Hearing Officer showed partiality to the Parent during the course of this hearing, suggesting claims for relief to the Parent, such as when he inquired if the Parent wanted to seek an IEP for prospective placement of the Student, conducting much of the direct testimony of the Parent's witnesses for the Parent, conducting much of the cross-examination of Sudbury's witness on behalf of the Parent, overruling Sudbury's objection to its not having received the Parent's exhibits five (5) business days prior to the hearing, and instead receiving as "exhibits" documents which were not part of the Parent's exhibits, as well as other conduct which showed his partiality.

25. The Hearing Officer's decision should be reversed insofar as it ordered reimbursement for the 2009-2010 school year.

## COUNT TWO

26. Plaintiff repeats the allegations set forth in Paragraphs 1-25 and incorporates them by reference.

27. The Order and Decision of the Hearing Officer, as to the award of retroactive reimbursement for the 2009-2010 school year violates the IDEA, 20 U.S.C. sect. 1400 et seq. and M.G.L. c. 30A in that the BSEA decision:

   a. Violates constitutional provisions requiring due process of law.

   b. Is based upon an error of law.

   c. Is unsupported by substantial procedure.

   d. Is unsupported by substantial evidence.

e. Is arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law.

## PLAINTIFF'S ENTITLEMENT TO RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assumes jurisdiction of this action;

2. Declare that the Order and decision of the Hearing Officer of the BSEA that awarded all out-of-pocket expenses (including tuition and transportation) to be reimbursed to the Parent for the 2009-2010 school year is unsupported by the facts and applicable law;

3. Issue a determination that these actions of the BSEA violated the due process rights of Sudbury; and

4. Grant such other and further relief as may be just and equitable.

> Respectfully submitted,
>
> SUDBURY PUBLIC SCHOOLS
> By Its Attorney,
>
> /s/ Regina Williams Tate
> _____
> Regina Williams Tate, BBO #492780
> Murphy, Hesse, Toomey and Lehane, LLP
> 300 Crown Colony Drive, P.O. Box 9126
> Quincy, MA 02269-9126
> Telephone: (617) 479-5000

Dated: June 14, 2010

558105v1